**In the Matter of HEATHER COMPANIES, an Illinois general partnership, Debtor.**

**HEATHER COMPANIES, Plaintiff,**

v.

**Richard K. AMANO, Defendant.**

**Bankruptcy No. 81 B 14485.**
**Adv. No. 82 A 538.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 16, 1984.

Malcolm M. Gaynor, David N. Missner, Richard M. Bendix, Jr., Schwartz, Cooper, Kolb & Gaynor, Chicago, Ill., for plaintiff.

Richard H. Fimoff, Holleb & Coff, Ltd., Chicago, Ill., for debtor.

## OPINION AND ORDER

RICHARD L. MERRICK, Bankruptcy Judge.

This cause comes to be heard on the complaint of Heather Companies against Richard K. Amano for the possession of the premises known as Unit C–1 at 2818 North

Halsted Street in Chicago, Illinois. The issues presented in this proceeding are two-fold: what type of notice the defendant was obligated to give the plaintiff under the terms of the lease and whether such notice was given. After consideration of the briefs and arguments and applicable authority, the Court finds that oral notice was sufficient under the terms of the lease and that the defendant gave such notice.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

Plaintiff ("Heather Companies") is an Illinois partnership composed of two general partners (Gibbons and Deere) which is engaged in the business of managing rental properties. Heather Companies filed a Chapter 11 petition on November 19, 1981. Part of the property of the debtor's estate is an office building located at 2820 North Halsted Street in Chicago. At the time that the debtor bought this building it gave a mortgage to the Peterson Bank; the mortgage agreement contained an assignment of rents clause.

The defendant ("Amano") is a real estate broker and the sole shareholder and president of Century 21 Center City. On September 10, 1980 Amano entered into a lease with Heather Companies which provided that he was to have lawful possession of the first floor store at 2818 North Halsted Street in Chicago, Illinois for the period beginning November 1, 1980 through October 31, 1981. The lease (plaintiff's exhibit # 1) contained the following additional provisions:

"d. Lessee is given an option to purchase the store occupied by Lessee at a cost of $55,000.00 in the event Lessor condominiumizes the premises ... provided at least 50% of the twelve units are sold by no later than 9/30/81 and provided further that Lessee closes said transaction by no later than October 31, 1981;
. . .

f. If seller fails to sell 50% of the units as aforesaid and the option is not accordingly exercised, then Lessee

shall have the right to extend this lease for one year under the same terms and conditions except for said option, provided he so notifies the Lessor no later than 10/15/81."

At trial extensive and conflicting evidence was taken regarding whether Amano had given adequate notice of his intent to renew under the terms of the lease. The issue before the Court was obscured by the fact that when the debtor sold the building the mortgagee took the position that the assignment of rents clause had become operative and directed the tenant to pay the mortgagee directly.

The plaintiff brought this forcible entry and detainer action on February 10, 1982 claiming that it is entitled to possession, as the defendant has wrongfully withheld the same. According to paragraph nine of the lease, if after the termination of the term, the lessee retains possession of the premises, the lessor can treat such holding over as:

1. a renewal of the lease for one year at double the original rate, or

2. the creation of a month to month tenancy at double the original rental rate, or

3. a tenancy at sufferance at a rental rate of $100 per day for the same time the lessee remains in possession.

Heather Companies claims it is entitled to damages of $10,200.00; it has chosen to treat the holdover as creating a tenancy at sufferance and the lessee wrongfully withheld possession for 102 days. The defendant, on the other hand, claims that it is also entitled to possession as notice of the intention to extend the lease had been given several times orally as will be explained below; it is seeking a court order requiring the plaintiff to cease and desist from any actions that interfere with the defendant's quiet enjoyment of the premises.

■■■■ Any inquiry into the type of notice required to extend a lease must focus on a fundamental tenet of Illinois that where notice is required by a contract and nothing is said as to the manner of notification, parol notification is sufficient. (66

C.J.S., Notice § 16, page 656). *Kaybill Corporation, Inc. v. Cherne,* 320 N.E.2d 598, 608, 24 Ill.App.3d 309 (1974), *Daehler v. Oggoian,* 390 N.E.2d 417, 28 Ill.Dec. 250, 72 Ill.App.3d 360 (1979). This proposition stems from the general rule that ambiguous provisions of a contract are construed against the maker. As leases are usually created by the landlord, courts have applied this rule by construing ambiguous provisions of a lease relating to renewals against the landlord. *Launtz v. Kinloch Telephone Co.,* 239 Ill.App. 204, 208 (1925). In the *Kaybill* case, the court held that where the manner of exercising a renewal option was not specified in the original lease, verbal notice was sufficient to establish the exercise of the option. The *Kaybill* court cited *Darling v. Hoban,* 19 N.W. 545, 53 Mich. 599 (1884) for the proposition that "the law never requires useless formality under such circumstances unless expressly required by the language of a statute or the agreement of the parties or when the same is made the basis of some substantial proceeding in the attainment of justice." *Kaybill,* 320 N.E.2d at 608, 24 Ill.App.3d at 321.

The witnesses for the plaintiff did not establish clearly that Amano never gave oral notice of his intent to renew the lease. Mrs. Loretta Deere, wife of one of the general partners of Heather Companies and the office manager of that partnership, testified that before October 15, 1982 neither she nor anyone else in the Heather Companies office received any oral or written notice from Amano. (transcript, page 7). She stated that she had had discussions with her husband, John Deere, concerning Amano's lease but never conversed with Tom Gibbons, the other general partner, on this subject. (transcript, pp. 36–37). Mrs. Deere concluded that Amano had never given notice for the following reason: she and not Tom Gibbons was the principal person at the Heather Companies office responsible for dealing with tenants; thus, if Amano had given Gibbons notice, Gibbons would have made her aware of this fact. (transcript, pp. 37–38). Tom Gibbons' testimony was in accord with that of Loretta Deere; he stated that although he had conversa-

tions with Amano, they never concerned the lease in question. (transcript, page 40). In particular Gibbons testified that an alleged conversation concerning Amano's lease between himself, Amano, Drier and Sullivan in Amano's office in August of 1981 never took place. (transcript, pp. 42–43).

■ The weight of the evidence given at trial supports the conclusion that Amano gave oral notice to the plaintiff of his intention to renew the lease. Counsel for the defendant presented three credible witnesses whose testimony flatly contradicted that given by Tom Gibbons. One of the witnesses, Ronald Drier, an employee of Amano's real estate agency, testified that he recalled the following conversation:

"And at that time in that discussion Mr. Gibbons said, 'What are your plans?' Referring to Mr. Amano.

Q. What was Mr. Amano's reply?

A. Mr. Amano's was that we were going to stay because of the improvements he had in the office."

(Transcript, page 5).

William Sullivan, another employee of Amano's agency corroborated the testimony given by Drier (transcript, pp. 11–12). Richard Amano also testified that he had given Gibbons notice in that conversation which occurred sometime during August of 1981. He stated that:

"It was my understanding there was no written notice necessary; that I just had to notify, which means just tell them.

Since Mr. Gibbons had been in the office on so many occasions and we had told him we planned to stay, I mean, they had gotten notice. They had gotten the message."

(Transcript, page 24).

■ This Court is of the belief that the defendant, Richard Amano, gave oral notice to the plaintiff and that this notice was sufficient to apprise the plaintiff of the defendant's intention to renew the lease. First, the evidence presented by the defendant's three witnesses clearly is more persuasive than that given by Tom Gibbons

and Loretta Deere. Discounting the testimony of Gibbons and Amano as that coming from interested, and thus perhaps biased, parties, this Court was persuaded by the defendant's other two witnesses who, if anything, had only a tangential interest in the matter. Second, the plaintiff's inference that Amano was obligated to give notice to Loretta Deere, if he gave it at all, is incorrect. It is a well-established axiom of partnership law that notice to one partner constitutes notice to the partnership. See Restatement (Second) of Agency § 14A (1958).

IT IS HEREBY ORDERED THAT the defendant, Richard Amano, is entitled to possession of the premises in question and the plaintiff's request for damages is denied.